IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Justine Jones, | ) | C.A. No. 3:16-cv-466-MBS-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CONSENT CLAWBACK ORDER** |
| | ) | |
| Richland County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Because the parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, upon joint motion of the parties the court hereby ORDERS:

Due to the volume of discoverable items in the possession, custody, or control of the parties and the concerns regarding attorney-client privilege and work product protection, the court enters this "Clawback" Provision to expedite and facilitate the production of discoverable items, and to protect against inadvertent disclosure of attorney-client privileged communications or work-product materials. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive the producing party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents

to the producing party within five business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. The receiving party shall be entitled to file a motion to compel production of the information or documents despite the producing party's claim of attorney-client privilege or work-product protection. Disclosure of the information or document by the receiving party prior to such later designation by the producing party shall not be deemed a violation of the provisions of this Order. This Order shall be governed by Federal Rule of Evidence 502(d), is entered pursuant to Federal Rule of Civil Procedure 26(c)(l), and applies to all discovery produced in this case whether before or after the date of this Order.

        IT IS SO ORDERED.

May 17, 2016                                                             Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge