IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Justine Jones, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:16-466-MBS-KDW |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| Richland County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Justine Jones ("Jones" or "Plaintiff"), filed this action against her former employer Richland County ("Defendant" or "County") in the Court of Common Pleas of Richland County, South Carolina. Defendant removed the matter to this court and responded to Plaintiff's Complaint (ECF No. 1-1) by filing an Answer (ECF No. 6) and a Partial Motion to Dismiss (ECF No. 5). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's Partial Motion to Dismiss, in which it seeks dismissal of two of Plaintiff's eight enumerated causes of action. Def.'s Partial Mot. Dismiss, ECF Nos. 9, 9-1. Plaintiff filed a responsive memorandum, ECF No. 9, to which Defendant filed a Reply, ECF No. 10. Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendant's Partial Motion to Dismiss, ECF No. 9, be granted.

I.     Background and Standard of Review

Plaintiff, a black female, began working for Defendant in December 2012 as the County's "Manager of Research," and held the title of "Assistant Director" as of her March 30,

2015 termination. Compl. 1-2.[1] Plaintiff's Complaint contains a lengthy factual recitation and includes the following enumerated causes of action, quoted verbatim:[2] I. "Race Discrimination; 42 U.S.C. § 2000e *et seq.*" [Title VII of the Civil Rights Act of 1964 ("Title VII")]; II. "Gender Discrimination; 42 U.S.C. §§ 2000e, *et seq.*"; III. Disability Discrimination, 42 U.S.C. § 12101 *et seq.*, and amendments thereto" [the Americans with Disabilities Acts ("ADA")]; IV. "Retaliation; 42 U.S.C. § 2000e *et seq.*"; V. "Violation of the Lilly Ledbetter Fair Pay Act of 2009"; VI. "Violation of the Equal Pay Act" (citing to 29 U.S.C. § 206(d)(1) in body of that cause of action); VII. "Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*"; and VIII. "Whistleblower Retaliation, S.C. Code Ann. § 8-27-10 *et seq.*" ECF No. 1-1.

Defendant's Motion seeks dismissal of the causes of action five (Violation of the Lilly Ledbetter Fair Pay Act of 2009) and eight (Whistleblower Retaliation) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The court measures the legal sufficiency by determining whether the complaint meets the Rule 8 standards for a pleading. *Id.* The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

---

[1] Because the Complaint's paragraph numbering begins anew on page 17, the court refers to this pleading by page number rather than paragraph number. Page number references are to the page numbers on the bottom of each page.

[2] This verbatim listing of Plaintiff's causes of action is provided because a portion of the parties' argument focuses on what the various causes of action are and how they are set out in the Complaint.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)).

When considering a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the court is mindful that a complaint "need only give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Coleman v. Md. Ct. of Apps.,* 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

II.  Analysis
   A.  Plaintiff's "Violation of Lilly Ledbetter Act" Cause of Action

Defendant moves to dismiss Plaintiff's fifth cause of action, which alleges "Violation of the Lilly Ledbetter Fair Pay Act of 2009" ["Ledbetter Act"] because the Ledbetter Act does not create an independent cause of action. Def.'s Mem. 2 (citing, *inter alia*, *Davis v. S.C. Dep't. of Health and Envtl. Control*, Civil Action No. 3:13-cv-2612-JMC, 2015 WL 5616237, *1 n.1 (D.S.C. Sept. 24, 2015)). Rather, Defendant notes the Ledbetter Act clarifies the time the limitations period for raising wage-discrimination claims begins.

In response, Plaintiff does not offer argument or authority suggesting the Ledbetter Act *does* provide for a separate substantive cause of action. Instead, Plaintiff notes the Ledbetter Act was an amendment to Title VII, which applies to "claims of discrimination in compensation under Title VII" and argues she has appropriately pleaded such a Title VII claim. Pl.'s Resp. 2-3. Plaintiff submits her "discriminatory compensation claim is fundamentally a Title VII claim," and labels Defendant's argument as one of "semantics," offering to amend her Complaint to change the title of her Fifth Cause of Action to "specifically identify Title VII as the statute giving rise to Plaintiff's remedy." *Id.*

In reply, Defendant again submits Plaintiff's fifth cause of action should be dismissed because there is "no such cause of action" as a claim brought pursuant to the Ledbetter Act. Reply 1. Accordingly, County submits Plaintiff's proposal to amend the fifth cause of action in the Complaint would be futile because there is no independent cause of action under the Ledbetter Act. *Id.* at 1, n.1. County does not address Plaintiff's discussion of the Ledbetter Act's application to Title VII discriminatory compensation claims.

4

As both parties effectively agree, the Ledbetter Act "does not create substantive rights, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination." *Rodriguez–Torres v. Gov't Dev. Bank of Puerto Rico*, 704 F. Supp. 2d 81, 96 n. 6 (D.P.R. 2010) (holding "the [Ledbetter] Act does not create substantive rights, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination") as quoted in *Davis*, 2015 WL 5616237, *1 n.1. At bottom, Plaintiff concedes the Ledbetter Act does not provide its own substantive cause of action, but appropriately notes the Ledbetter Act is an amendment to Title VII. *See* Lilly Ledbetter Fair Pay Act of 2009, PL 111-2, 123 Stat 5 (Jan. 29, 2009) (amended 42 U.S.C. 2000e-5(e) "with respect to discrimination in compensation in violation of this title . . . ."). Nowhere does Defendant argue Plaintiff has not pleaded a Title VII claim for wage discrimination, and the court's review of the Complaint reveals the Complaint contains numerous references to disparate wages, including her causes of action labeled as being for race and for gender discrimination in violation of Title VII. *See* Compl. 17-19 (including "denial of fair compensation" as one of several complained-of adverse employment actions).

Accordingly, the undersigned is of the opinion that Plaintiff's Fifth Cause of Action should be dismissed as there is no separate substantive claim that can be brought pursuant to the Ledbetter Act. To be clear, however, such dismissal of the "Ledbetter Act" cause of action will have absolutely no impact on Plaintiff's continuing to raise Title VII claims of disparate compensation based on her current Complaint. *See Petrosyan v. Delfin Grp. U.S.A., LLC*, No. 2:13-CV-2990-PMD, 2015 WL 685266, at *5 n.2 (D.S.C. Feb. 18, 2015) (noting while preferable to have separate legal claims set out in separate causes of action, failure to do so is not

5

itself grounds for dismissal). Further, the Ledbetter Act will continue to apply to such Title VII claims. This portion of Defendant's Motion should be granted.[3]

      B.      Plaintiff's Cause of Action for Whistleblower Retaliation

Defendant also seeks dismissal pursuant to Rule 12(b)(6) as to Plaintiff's Eighth Cause of Action for "Whistleblower Retaliation, S.C. Code Ann. § 8-27-10 *et seq*.," arguing Plaintiff has not adequately pleaded that she exhausted the statutory prerequisites to filing a claim pursuant to South Carolina's Whistleblower Act. Def.'s Mem. 2-3.

South Carolina's Whistleblower Act (the "Act") establishes a private cause of action for an employee of a public body who experiences retaliation for making a "report" of waste or "wrongdoing" by the public body or its employees to an "appropriate authority." S.C. Code Ann. § 8–27–10 *et seq.* In Plaintiff's claim under the Act, she alleges she reported "serious fraud, wrongdoing, and violations of the law, regulations, public policy, and standards of conduct, in writing as well as orally," as more fully explained elsewhere in her Complaint. Compl. 24; *see id.* at 10-16 (detailing the alleged wrongdoing and her reporting of same).

In addition to other requirements, the Act sets out specific prerequisites to bringing a claim in court:

> No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing.

S.C. Code Ann. § 8-27-30(A). Defendant alleges Plaintiff has satisfied neither of these requirements, and her Whistleblower Act claim should be dismissed. Def.'s Mem. 2-3 (citing

---

[3] Alternatively, the district judge might determine it appropriate to allow Plaintiff to amend the portions of her fifth cause of action that identify the Ledbetter Act as the substantive source of her compensation-discrimination claims to note that such claims are brought pursuant to Title VII.

6

*Giraldo v. City of Columbia*, 47 F. Supp. 3d 430, 434 (D.S.C. 2014)). In *Giraldo*, the court (holding that plaintiff did not satisfy the prerequisites to suit because the grievance committee did not find Giraldo's report of wrongdoing to be the but-for cause of her termination. In another case cited by Defendant, the court found the plaintiff's Whistleblower Act claim could not survive because she failed to show that any previous proceedings resulted in a finding that she would not have been disciplined but for the reporting of alleged wrongdoing. *Burdine v. Greenville Tech. Coll.*, C.A. No. 6:08-cv-3764-JMC, 2010 WL 5211544, *13 (D.S.C. Dec. 16, 2010).

In response to Defendant's Motion, Plaintiff submits she has adequately pleaded exhaustion of remedies, as her Complaint avers she brought this action "after exhausting her administrative remedies." Compl. 24. Plaintiff also seems to suggest that her allegation that her termination was "a direct and proximate result of [her] protected reports to the appropriate authority" could satisfy the second statutory requirement. Pl.'s Resp. 4 (quoting Compl. 24).

A plain reading of the Act reveals that the second prerequisite requires a "finding" in "previous proceedings" that the reporting was the but-for cause of the termination or adverse action. S.C. Code Ann. § 8-27-30(A). Plaintiff's averment that her termination was "a direct and proximate result" of her reports cannot suffice. *Twombly*, 550 U.S. at 555 (noting plaintiff must provide more than labels and conclusions in pleadings, and "a formulaic recitation of the elements of a cause of action will not do."). Nowhere else in her Complaint does Plaintiff make any allegation that any prior proceeding made the requisite finding. Plaintiff's claim under the Whistleblower Act should be dismissed on this ground.

In making this recommendation, the undersigned has also considered Plaintiff's other arguments in defense of her claim under the Act. Plaintiff also argues Defendant's Motion

7

should be denied because Defendant has not provided the court with any exhibits regarding the grievance board's findings. Pl.'s Resp. 4. Because the court does not have access to the "grievance transcript and documentation," Plaintiff argues, the parties should be permitted discovery to further develop the record." *Id.*

As Defendant notes, Plaintiff's argument "turns the pleading requirement on its head." Reply 3. At this stage of the proceedings, the burden is not on Defendant to provide information or evidence related to Plaintiff's claims. Rather, it is Plaintiff's burden to allege facts sufficient to state a claim for relief, including that she met the conditions precedent to bring each claim alleged in the lawsuit. *See* Fed. R. Civ. P. 8(a) and 9(c); *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (noting it is plaintiff's obligation to provide more than labels and conclusions).

Similarly unpersuasive is Plaintiff's suggestion that the Motion be denied so that discovery can take place. Again, it is Plaintiff's burden to plead facts and information sufficient to support her causes of action. Plaintiff and Defendant are aware of what transpired at any proceeding related to Plaintiff's administrative remedies. Such information—including any findings regarding causation—would be available to both parties, and would certainly be in the possession of Plaintiff prior to filing suit. Because Plaintiff has not pleaded any prior proceedings resulted in findings that she would not have been terminated but for her reporting, her claim pursuant to the Whistleblower Act should be dismissed.[4]

Finally, Plaintiff argues it would be an "unreasonable" interpretation of the Whistleblower Act to find it actually requires an internal grievance finding that the reporting was the but-for cause of her termination. Pl.'s Mem. 4. In support of her argument, Plaintiff briefly

---

[4] In the event Plaintiff is able to plead in good faith that there was a proceeding in which express findings that satisfy the statute were made, she is free to make this information or documentation available to the court in any objections to this Report.

cites to *Wright v. Marlboro County School District*, 452 S.E.2d 12, 15 (S.C. Ct. App. 1994), in support of her argument, submitting the County's own internal grievance board is not "independent." Pl.'s Mem. 4. The undersigned notes that in *Wright*, the Court of Appeals was considering whether a finding of an administrative tribunal would preclude further litigation of matters not raised before that administrative board. *See Wright*, 452 S.E.2d at 163 n.4. In that context, the Court of Appeals found it would have been "inequitable" to have required the plaintiff to have raised whistleblower-retaliation claims at an administrative hearing before the "very body which decided not to reemploy him." *Id.* at 165.

Plaintiff does not explain how the 1994 *Wright* decision based on res judicata grounds requires the result she now seeks, and the undersigned is of the opinion that Plaintiff's argument impermissibly would require the court to interpret the plain language of S.C. Code Ann. § 8-27-20(A)'s requirements. The words of a statute should be given "their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand that statute's operation." *State v. Sweat,* 688 S.E.2d 569, 575 (S.C. 2010). The court "has no right to impose another meaning" to a statute's "plain and unambiguous language[.]" *Hodges v. Rainey,* 533 S.E.2d 578, 581 (S.C. 2000).[5]

In *Giraldo* the court rejected the plaintiff's request to interpret section 8-27-20(A)'s requirements as being "absurd." *See Giraldo*, 47 F. Supp. 3d at 441. The court found that the Whistleblower Act's language at issue was clear and unambiguous and that it would be inappropriate for the court to disregard those requirements. *Id.* The undersigned agrees and

---

[5] The undersigned further notes that over 20 years has passed since the South Carolina Court of Appeals suggested it would be "inequitable" for a plaintiff to "seek a factual determination on his whistleblower retaliation claim from the very body which decided not to reemploy him." *Wright*, 452 S.E.2d at 165. South Carolina's General Assembly has not amended any portion of the Whistleblower Act since that time.

9

recommends a finding that it would be improper for the court to construe the statute's plain language. Plaintiff has failed to plead she satisfied the plain requirements of section 8-27-20(A), and her Whistleblower Act claim should be dismissed.

III.     Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Partial Motion to Dismiss, ECF No. 5, be *granted*, as discussed more fully within.

IT IS SO RECOMMENDED.

June 13, 2016                                                                      Kaymani D. West
Florence, South Carolina                                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**