IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Justine Jones, ) | |
| ) | C/A No. 3:16-0466-MBS-KDW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland County, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Justine Jones filed this action on January 13, 2016, in the Court of Common Pleas for Richland County, South Carolina, against her former employer, Defendant Richland County, alleging that she was discriminated against on the basis of her race (black), gender, and disability. Plaintiff also alleges that she was retaliated against and terminated for engaging in protected activity and for reporting concerns of fraud and collusion to the County Administrator. Plaintiff asserts causes of action for race and gender discrimination, in violation of 42 U.S.C. §§ 2000e, et seq. (First and Second Causes of Action); disability discrimination, in violation of 42 U.S.C. §§ 12101, et seq (Third Cause of Action); retaliation, in violation of 42 U.S.C. §§ 2000e, et seq. (Fourth Cause of Action); violation of the Lilly Ledbetter Fair Pay Act of 2009 (Fifth Cause of Action); violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1) (Sixth Cause of Action); violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. (Seventh Cause of Action); and whistleblower retaliation, in violation of the Whistleblower Act, S.C. Code Ann. §§ 8-27-10, et seq. (Eighth Cause of Action).

Defendant removed the complaint on the basis of federal question jurisdiction on February 17, 2016. 28 U.S.C. §§ 1331, 1441, 1446. In accordance with 28 U.S.C. § 636(b) and Local Rule

73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

On February 24, 2016, Defendant filed a partial motion to dismiss as to Plaintiff's Fifth and Eighth Causes of Action. Plaintiff filed a response in opposition on March 14, 2016, to which Defendant filed a reply on March 24, 2016. Defendant contends that the Lilly Ledbetter Fair Pay Act does not create an independent cause of action, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination. Defendant further asserts that Plaintiff failed to plead the statutory prerequisites for a claim under S.C. Code Ann. § 8-27-30(A), which provides:

> If an employee is dismissed, suspended from employment, demoted, or receives a decrease in compensation, within one year after having timely reported an alleged wrongdoing under this chapter, the employee may institute a nonjury civil action against the employing public body for (1) reinstatement to his former position; (2) lost wages; (3) actual damages not to exceed fifteen thousand dollars; and (4) reasonable attorney fees as determined by the court, but this award of attorney fees may not exceed ten thousand dollars for any trial and five thousand dollars for any appeal. The action must be brought in the court of common pleas of the county in which the employment action occurred. **No action may be brought under this chapter unless (1) the employee has exhausted all available grievance or other administrative remedies; and (2) any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing.**

(Emphasis added.)

The Magistrate Judge filed a Report and Recommendation on June 13, 2016, in which she agreed that the Lilly Ledbetter Act does not provide a substantive cause of action, but simply amends Title VII. The Magistrate Judge reviewed the complaint and noted numerous references to disparate wages in her Title VII causes of action. The Magistrate Judge therefore recommended that Defendant's motion to dismiss be granted as to the Fifth Cause of Action. The Magistrate Judge

made clear that dismissal of the Fifth Cause of Action would have no impact on Plaintiff's ability to press her Title VII claims of disparate compensation.

The Magistrate Judge next reviewed Plaintiff's complaint with respect to the Whistleblower Act, observing numerous allegations that Plaintiff reported serious fraud, wrongdoing, and violations of the law, both in writing and orally. The Magistrate Judge found, however, that Plaintiff failed to allege that she satisfied the prerequisites for bringing a claim under the Whistleblower Act, i.e., (1) exhausting all available grievance or other administrative remedies; and (2) demonstrating that previous proceedings resulted in a finding that she would not have been disciplined but for her reports of alleged wrongdoing. Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on July 29, 2016, to which Defendant filed a reply on August 8, 2016.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

As an initial matter, the court notes that Plaintiff filed no objections to the Magistrate Judge's findings and conclusions regarding the Lilly Ledbetter Act. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court, finding no clear

error, turns to Plaintiff's objections regarding the Whistleblower Act.

Plaintiff contends that the Magistrate Judge erred in recommending dismissal of Plaintiff's whistleblower retaliation cause of action. Plaintiff reiterates her allegations in the complaint that she reported wrongdoing both in writing and orally, and that she timely submitted written reports containing the date of disclosure, name, nature of wrongdoing, and dates on which the wrongdoing occurred; and that she was terminated "and this action is timely brought within one year of her termination and after exhausting her administrative remedies." ECF No. 1-1, 27.

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This rule "'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombley, 550 U.S. at 555). Instead, a complaint must contain "'[f]actual allegations [sufficient] to raise a right to relief above the speculative level.'" Id. (quoting Twombley, 550 U.S. at 555). Thus, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The court agrees with the Magistrate Judge that Plaintiff has failed to meet the requirements of section 8-27-30(A) by not alleging or providing facts that "any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing." Plaintiff does not contend that she can satisfy this prerequisite by amending her complaint. Rather, Plaintiff argues that such a requirement is counterintuitive and obliterates all

protections afforded to public whistleblowers under the Whistleblower Act. Plaintiff argues that a plain reading of section 8-27-30(A) in essence prevents all whistleblowers from surviving a motion to dismiss.

In Giraldo v. City of Columbia, 47 F. Supp. 3d 430 (D.S.C. 2014), the Honorable Joseph F. Anderson, Jr. adopted a Report and Recommendation addressing the precise issue raised herein. In that case, the Magistrate Judge determined that:

> Under South Carolina law, all rules of statutory construction "are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." State v. Sweat, 386 S.C. 339, 688 S.E.2d 569, 575 (2010) (quoting Broadhurst v. City of Myrtle Beach Election Comm'n, 342 S.C. 373, 537 S.E.2d 543, 546 (2000)). The words of a statute should be given "their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand that statute's operation." Id. "Where [a] statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." Hodges v. Rainey, 341 S.C. 79, 533 S.E.2d 578, 581 (2000). "It is only when applying the words literally leads to a result so patently absurd that the General Assembly could not have intended it that [the court should] look beyond the statute's plain language." Grier v. AMISUB of South Carolina, Inc., 397 S.C. 532, 725 S.E.2d 693, 695–96 (2012).

Id. at 441.

The language of section 8-27-30(A) is clear and unambiguous. The court agrees that a literal application of the words of the statute does not lead to a result "so patently absurd that the General Assembly could not have intended it." See also Burdine v. Greenville Tech. College, C/A No. 6:08-cv-03764-JMC, 2010 WL 5211544, *13 (D.S.C. Dec. 16, 2010). Plaintiff's objection is without merit.

Plaintiff urges, in the alternative, that the court certify the question of the interpretation of the Whistleblower Act to the South Carolina Supreme Court pursuant to S.C. App. Ct. R. 244(a).

The court declines to do so.  The meaning of section 8-27-30(A) is unambiguous and certification is unnecessary.  To the extent Plaintiff argues that no other state in the United States "applies such an absurd requirement," the issue is one for the Legislature, not the court.

For the reasons stated, the court adopts the Report and Recommendation and incorporates it herein by reference.  Defendant's motion to dismiss the Fifth and Eighth Causes of Action is **granted.**  The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 28, 2016