IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Justine Jones, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:16-466-MBS-KDW |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Richland County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The court has considered Plaintiff's Motion for Reconsideration [ECF No. 40] of the court's earlier order staying this matter while Plaintiff's interlocutory appeal is pending in the Court of Appeals for the Fourth Circuit [ECF No. 37]. Plaintiff argues the stay of proceedings works a "manifest injustice," impacts "timely discovery," and "prejudice[s] both parties" as to timely discovery. ECF No. 40 at 2-3. Plaintiff submits continued discovery "is manifestly necessary to best preserve the evidence" in this matter. *Id.* at 3 (providing no detail of any particular discovery in need of immediate preservation).

Defendant, which sought the stay, disagrees with Plaintiff, arguing that no manifest injustice results from staying discovery. Rather, Defendant argues it is entitled to know what claims are at issue prior to resuming discovery and notes that facts concerning the cause of action on interlocutory appeal comprise nearly half of the factual-background portion of Plaintiff's Complaint. ECF No. 41 at 2, 3 & n.3. Defendant also submits that Plaintiff's reliance on Rule 59(e) for her Motion was improper because the order being reconsidered was not one for final judgment. *Id.* at 2. Technically, Defendant is correct. *See, e.g.*, *Ball v. USAA Life Ins. Co.*, No. 2:16-CV-00041-DCN, 2017 WL 569994, at *1 (D.S.C. Feb. 13, 2017) (noting motions to reconsider interlocutory orders are not subject to Rule 59(e)'s "strict standards," but noting

courts nonetheless may look to Rule 59 jurisprudence when considering motions to reconsider more properly brought pursuant to Rule 54(b)).

Having considered the parties' arguments, the court *denies* Plaintiff's Motion for Reconsideration, ECF No. 40. Plaintiff has not established any manifest injustice in the court's granting Defendant's motion to stay this matter while the Fourth Circuit considers an interlocutory appeal that Plaintiff herself filed, nor has Plaintiff otherwise convinced the court that the stay should not remain in place. This matter remains stayed pending the Fourth Circuit's resolution of Plaintiff's interlocutory appeal.

IT IS SO ORDERED.

February 27, 2017                                                                 Kaymani D. West
Florence, South Carolina                                                     United States Magistrate Judge